IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J.D. GRANT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0817-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff J.D. Grant seeks judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that he is disabled as a result of aortic valve disease and congestive heart failure. After his application for SSI benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on November 15, 2006. At the time of the hearing, plaintiff was 51 years old. He has an eleventh grade education and past work experience as a forklift operator and a construction worker. Plaintiff has not engaged in substantial gainful activity since February 1, 2005.

The ALJ found that plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that plaintiff suffered from aortic valve disease, the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the

social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform the full range of light work, but could not return to his past relevant employment. Given his age, education, and exertional capacity for light work, the judge determined that plaintiff was not disabled under the Medical-Vocational Guidelines. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

Plaintiff challenges the hearing decision on three grounds: (1) the ALJ failed to address his borderline age as an alternative to applying the Medical-Vocational Guidelines; (2) the ALJ improperly evaluated his credibility; and (3) the ALJ did not consider whether he was precluded from performing any work activity for a period of one year.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff first contends that the ALJ failed to consider his borderline age as an alternative to applying the Medical-Vocational Guidelines. As best the court can decipher, plaintiff appears to take issue with the finding that he was a "younger individual" capable of performing light duty work. (*See* Tr. at 17). Instead, plaintiff maintains that the ALJ should have considered him as a person "closely approaching advanced age."[1] That is exactly what occurred here. Although the ALJ found that plaintiff was a "younger individual," he applied the guideline applicable to persons "closely approaching advanced age." Under that guideline, a claimant between 50-54 years of age, who has the residual functional capacity to perform light work, has a marginal education, and is at least able

---

[1] The social security regulations define a "younger person" as one under 50 years of age. 20 C.F.R. § 416.963(c). A person between 50-54 years of age is considered to be "closely approaching advanced age." *Id.* § 416.963(d). Here, plaintiff was 49 years old when he applied for SSI benefits, but was 51 years old at the time of the administrative hearing.

to communicate in English, is not disabled. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.10. Because the ALJ treated plaintiff as a person "closely approaching advanced age," the hearing decision is not flawed in that regard.[2]

C.

The crux of plaintiff's argument is that the ALJ improperly assessed his credibility which, in turn, adversely impacted the determination of his residual functional capacity. At the administrative hearing, plaintiff testified that he was unable to work due to shortness of breath, pain in his joints, and fatigue. (*See* Tr. at 493-94, 499-500). The ALJ rejected plaintiff's testimony as "not entirely credible." In his decision, the ALJ explained why plaintiff had the residual functional capacity to perform the full range of light work:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities. If someone can do light work, we determine that he can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods . . .
>
> In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7p. The undersigned also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p and 96-6p.
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably

---

[2] In a rather curious concession, plaintiff appears to recognize that his age may be irrelevant in light of the finding that he was capable of performing the full range of light work. (*See* Plf. MSJ Br. at 5).

> be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> While it is noted that the claimant has a history of mitral valve replacement, there is minimal evidence to substantiate this as debilitating. The record does not support functional limitation that would prevent the claimant from performing all substantial gainful work activity. The evidence suggests that the claimant's limitations in his daily activities be by choice rather than due to a debilitating physical health impairment. The claimant's testimony is neither credible nor supported by objective medical evidence of record.

(Tr. at 17).

The social security regulations establish a two-step process for evaluating subjective complaints of pain and other symptoms. First, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the pain or other symptoms alleged. *See* SSR 96-7p, 1996 WL 374186 at *2 (Jul. 2, 1996). Where such an impairment has been proved, the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine whether they limit the ability to do basic work activities. *Id.*; *see also* 20 C.F.R. § 404.1529. In addition to objective medical evidence, the ALJ should consider the following factors in assessing the claimant's credibility:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186 at *3. Although the ALJ must give specific reasons for his credibility determination, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F.Supp.2d 863, 871 (E.D. Tex. 2005), *citing Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001).

Here, the ALJ cited to the applicable regulations, summarized the evidence, and articulated a legitimate reason for finding that plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms was "not entirely credible." It is clear from the context of the hearing decision that the ALJ gave adequate consideration to the regulatory factors. *See, e.g. Salgado v. Astrue*, 271 Fed.Appx. 456, 2008 WL 828945 at *6 (5th Cir. Mar. 28, 2008) (upholding credibility determination made by ALJ notwithstanding failure to address each regulatory factor); *Undheim v. Barnhart*, 214 Fed.Appx. 448, 2007 WL 178062 at *2 (5th Cir. Jan. 19, 2007) (same); *Prince*, 418 F.Supp.2d at 871 (same). Nor does plaintiff point to any objective medical evidence that suggests he is precluded from all work activity. To the contrary, a residual functional capacity assessment performed by a state agency physician shows that plaintiff can perform the full range of light work. (*See* Tr. at 120-27).

The ALJ used the proper legal standards in discrediting plaintiff's subjective testimony about his functional limitations. The resulting credibility determination is supported by substantial evidence.

D.

Finally, plaintiff contends that the ALJ should have found him disabled from February 2, 2005 to February 2, 2006, based on a statement from his treating physician that he was unable to work during that time. (*See id.* at 274). The opinion of a treating physician is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). However, the determination whether a claimant is disabled is reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.'" *Frank*, 326 F.3d at 620, *citing* 20 C.F.R. § 404.1527(e)(1).

In a statement dated April 1, 2005, a doctor at Parkland Hospital indicated that plaintiff was disabled and unable to work from February 2, 2005 to February 2, 2006. (Tr. at 274). This conclusory statement is not a medical opinion entitled to any special significance. *See Frank*, 326 F.3d at 620. Thus, the ALJ was not required to find plaintiff disabled during this closed period. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995), *quoting Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (ALJ may disregard statements by treating physician that are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by evidence").

## **CONCLUSION**

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: August 27, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE